IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **8:21CR284** |
| Plaintiff, | |
| v. | **ORDER ON** |
| MAYRA RENDON, | **INITIAL REVIEW** |
| Defendant. | |

This matter is before the Court on defendant Mayra Rendon's ("Rendon") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 361).  Rendon raises four grounds for relief—three of which challenge various aspects of her sentence.  The fourth asserts she "was denied her right to direct appeal due to [her] lawyer[']s failure to confer with her regarding direct appeal."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to initially review Rendon's § 2255 motion.  "If it plainly appears from [her] motion, any attached exhibits, and the record of prior proceedings that [she] is not entitled to relief, the [Court] must dismiss [her] motion and direct the clerk to notify" her of the dismissal.  *Id.*

The Court generally must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  A hearing is unnecessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory."  *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000).

Having carefully reviewed Rendon's motion, the Court finds summary dismissal is not required in this case. The United States Attorney must file an answer or otherwise respond to Rendon's motion on or before October 25, 2023.

IT IS SO ORDERED.

Dated this 26th day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2